UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MATTHEW MOSES, | ) |
| | ) |
| Petitioner, | ) |
| | )   No. 3:08 CV 040 |
| vs. | ) |
| | ) |
| SUPERINTENDENT OF WESTVILLE | ) |
| CORRECTIONAL FACILITY, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Matthew Moses, a *pro se* prisoner, filed a habeas corpus petition alleging that his parole was improperly revoked on December 6, 2007. (DE # 1.) Moses states that he did not appeal to the Indiana Supreme Court, because of "unlawful detainment." (*Id.* at 9.) Even if that is true, Moses is still obligated to present each and every one of his claims to the Indiana courts for a full round of state court review before he may bring a habeas corpus petition in this court.

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid*.

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted).

Here, Moses has not yet presented these claims on appeal to the Indiana Supreme Court. Until he has properly presented his claims to the Indiana Supreme Court, he has not exhausted his state remedies and he cannot proceed on this petition.

"[A] district court [is required] to consider whether a stay is appropriate under circumstances . . . where the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, where the challenged parole revocation occurred on December 6, 2007, Moses is not at immediate risk of losing his chance for federal habeas review because of the 1-year period of limitation. Therefore a stay is not appropriate in this case.

RULE 4 of THE RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS requires that if "it plainly appears" that a § 2254 habeas "petitioner is not entitled to relief in the district court the judge must dismiss the petition." In this case, it is plain from his petition that Moses failed to exhaust his state court remedies.

Accordingly, the court **DISMISSES** this petition **WITHOUT PREJUDICE** because the claim has not been exhausted in state court.

**SO ORDERED.**

**ENTER:** January 29, 2008

 s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT